IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| JUNIOR ALDRIDGE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:14-cv-02874-STA-egb |
| ) | |
| SHAWN PHILLIPS, ) | |
| ) | |
| Respondent. ) | |

ORDER GRANTING IN PART AND DENYING IN PART RULE 60(B) MOTION,
GRANTING CERTIFICATE OF APPEALABILITY,
AND
CERTIFYING LIMITED APPEAL WOULD BE TAKEN IN GOOD FAITH

On April 25, 2017, the Court granted the motion of Respondent, Shawn Phillips, to dismiss the § 2254 petition as untimely. (Order, ECF No. 39 at 19.) The Court also denied a certificate of appealability ("COA"), certified that an appeal would not be taken in good faith, and denied leave to appeal *in forma pauperis*. (*Id.* at 20.) Judgment was entered the same day. (Judgment, ECF No. 40.) Petitioner, through appointed counsel, has filed a Rule 60(b) motion "to set aside . . . portions of [the Court's] Order of Dismissal." (Mot., ECF No. 41 at 1.) Specifically, Petitioner asks the Court to reconsider its decisions to deny a COA and leave to appeal *in forma pauperis*. (*Id.*) Respondent opposes the motion. (Resp. Br., ECF No. 42.) For the reasons that follow, the motion is **GRANTED** in part and **DENIED** in part.

The Court dismissed the petition as untimely after hearing testimony from Aldridge and a prison unit manager and oral argument from the parties' attorneys. (Order, ECF No. 39 at 19.) The Court first rejected Petitioner's argument that the limitations period should be tolled due to prison restrictions. (*Id.* at 14-15.) The Court's ruling was based, in large part, on its

1

determination that the unit manager was more credible than Aldridge. The Court also held that Petitioner had not established a gateway claim of actual innocence to overcome his late filing. (*Id.* at 15-19.) Aldridge argued that had the jury heard certain testimony (which had been excluded by the state trial court), and considered it in light of vulnerabilities in the state's evidence, it is more likely than not that no rational juror would have convicted Petitioner.[1] The Court made the probability determination required by *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1933 (2013), and ruled against Petitioner. (Order, ECF No. 39 at 18-19.) The Court concluded that it was *not* more likely than not that no reasonable juror would have found Aldridge guilty of first degree murder. (*Id.* at 19.)

Aldridge argues that the Court should have granted a COA as to both the equitable tolling and actual innocence issues. A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253 (c) (2) & (3). A "substantial showing" is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell,* 537 U.S. 322, 336 (quoting *Slack v. Daniel*, 529 U.S. 473, 484 (2000)). If the district court rejects a claim on a procedural ground, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 478. The Supreme Court has cautioned against undue limitations on the issuance of a COA. *See Miller-El*, 537 U.S. at 337 ("It is

---

[1] Petitioner's underlying habeas claim challenges the state court's exclusion of that evidence. At an offer of proof, a police officer testified that the victim had reported to police just days before his murder that his girlfriend had threatened him and that he was afraid of her. (Pet., ECF No. 1 at 5.)

consistent with § 2253 that a COA will issue in some instances where there is no certainty of ultimate relief.").

Here, reasonable jurists would not debate the correctness of the Court's equitable tolling decision. Petitioner argues that the decision is debatable because the unit manager's testimony was inconsistent in one respect. The inconsistency, however, was resolved by the Court in Petitioner's favor. (*See* Order, ECF No. 39 at 13 n. 2.) Petitioner has therefore failed to establish that he is entitled to a COA on equitable tolling. In addition, any appeal on that ground would not be in good faith.

As for Aldridge's actual innocence claim, the Court finds that reasonable jurists could debate the correctness of the Court's actual innocence probability determination. Reasonable jurists could also debate whether Petitioner states a valid constitutional claim based on the state court's exclusion of the police officer's testimony.

Accordingly, Petitioner's motion is **GRANTED** in part and **DENIED** in part. The Court **GRANTS** a certificate of appealability on the issue of actual innocence to overcome the untimely filing of the petition. The Court also **CERTIFIES**, pursuant to FED. R. APP. P. 24 (a), that an appeal in this matter would be taken in good faith to the extent the appeal addresses the gateway actual innocence issue. An appeal that does not address that issue is not certified as taken in good faith, and Petitioner should, in that instance, follow the procedures of Rule 24 (a) (5) to obtain *in forma pauperis* status.

**IT IS SO ORDERED.**

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: June 6, 2017.
